UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

    Plaintiff,

v.

SABENA WESTERN, et al.,

    Defendants.
                                             /

Case No. 10-cv-11934

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 37)**, OVERRULING OBJECTIONS** (docket no. 38)**, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (docket no. 30)

    James Scott is a prisoner in the Ryan Correctional Facility in Detroit.  He brought this 42 U.S.C. § 1983 claim against ten officials from the Cotton Correctional Facility in Jackson, alleging (1) denial of his right of access to courts under the First Amendment, (2) retaliation for attempts to exercise constitutional rights, and (3) a civil conspiracy to deny constitutional rights.  The Court referred the matter to a magistrate judge for all pretrial proceedings.  The prison officials moved the Court to dismiss Scott's claims, or, in the alternative, grant summary judgment on them.  On August 26, 2011, the magistrate judge issued a Report and Recommendation ("Report") recommending that the motion be granted.  Scott filed objections to the Report on September 13, 2011, which the Court will consider timely.[1]  The Court finds that the objections lack merit.  Accordingly, it will adopt the Report, overrule the objections, grant Defendants' motion, and dismiss the action.

---

[1] Scott claims he did not receive a copy of the Report until September 6, 2011.

**STANDARD OF REVIEW**

Decisions on dispositive motions rendered by a magistrate judge are reviewed pursuant to Civil Rule 72(b).  The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Scott has objected specifically to nearly all of the primary holdings of the Report.  Therefore, it will review all of the Report's recommendations de novo.

**DISCUSSION**

I.  Denial of Access to Courts

   A.  Confiscation of Typewriter Ribbons

Scott claims that the ribbons for his typewriter were confiscated by prison officials in order to prevent him from filing a brief with the Sixth Circuit.  The brief was due on February 28, 2007, and the prison officials supposedly took the ribbons on February 22, 2007.  Scott actually filed a brief with the Sixth Circuit on February 20, but he claims that he needed to file a new brief to address his failure to obtain a Civil Rule 54(b) certification for appeal from a non-final order that nonetheless disposed of some of his claims.  The magistrate judge found (1) that it was simply not plausible to maintain that Scott was not aware of the absence of the certification on February 20, but became aware on February 22; (2) that his "collateral order" argument would have been futile; and (3) that he had the alternative of using a public typewriter to write the brief instead.  Scott objects to the first finding, specifically, claiming that it is an inappropriate application of the standard of review.

The Court need not address this issue to find that Scott's claim is barred.  To state a claim for denial of access to courts, the petitioner must demonstrate prejudice.  *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  As the magistrate judge correctly determined,

whatever "collateral order" argument Scott intended to make would have been futile. Moreover, since the motion would have merely delayed his appeal until the rest of the case was resolved by the district court, rather than deny his appeal altogether, there was no prejudice to his case created by his inability to appeal prior to the final judgment of the district court. Scott did not object to these findings and they form an adequate ground for resolving the claim. Accordingly, the objection is overruled.

    B.  <u>Refusal to Notarize Financial Statement</u>

Next, Scott claims that Defendants refused to notarize a financial statement he intended to file to persuade the Court to appoint counsel for him. The magistrate judge found that the refusal did not prejudice Scott. Again, Scott objects that this constituted a "weighing of the evidence" by the magistrate judge. The Court disagrees. The judge in Scott's previous § 1983 case did not deny his request because of his penury. Rather, it found that his case presented no "exceptional circumstances" justifying the privilege of appointed counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). His financial situation would not have factored into that finding; otherwise, anyone who could show need would be given counsel, and that is not what the law requires. Therefore, no reasonable jury could conclude that the failure to submit the financial form made a difference in the decision to decline an appointment of counsel. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (holding that summary judgment is appropriate when the "record taken as a whole could not lead rational trier of fact to find for the nonmoving party"). The objection is overruled.

    C.  <u>Failure to Process Grievances</u>

Scott did not object to the magistrate judge's finding that refusal to process a grievance cannot constitute denial of access to courts. If the Defendants had indeed

3

refused to process his grievances, the exhaustion requirement would have been waived and Scott's right to file a § 1983 action would not have been disputed. *Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). The Court will adopt the magistrate judge's finding.

II.     Retaliation

Scott claims that the Defendants retaliated against him for his litigation activities by transferring his cell location within the Cotton Facility several times, by transferring him out of the Cotton Facility altogether on the day before he was supposed to get married, and by refusing to process orders for certain personal hygiene items. The magistrate judge found that (1) none of the alleged retaliatory acts could have deterred a "person of ordinary firmness" from pursuing their rights in court, *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999), and (2) that Scott did not show the acts, even if adverse, were subjectively motivated by a desire to retaliate against Scott. Scott objects that the magistrate's ruling was incorrect and that he successfully demonstrated all three elements of a retaliation claim.

The Court adopts both of the magistrate judge's findings. First, none of the alleged actions taken by Defendants were adverse. The transfers did not create an objective hardship for Scott by way of endangering his health or safety, placing him with a more dangerous group of prisoners, isolating him from the normal prison population, or other drastic changes in the conditions of his confinement that would intimidate a reasonable person.[2]  As long as this holds true, prison officials may order transfer of an inmate "for whatever reason or for no reason at all." *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995).

---

[2] The delay in Scott's marriage caused by the facility transfer is a "subjective" factor in determining the "adverse" nature of the transfer that the Court need not consider.

4

The delay in processing order from the prison store seems to have taken place because the prison had a policy of limiting inmates to receipt of items from the store once every two weeks, even though Scott's order was timely processed. If the delay was the result of a generally-practiced prison policy, than it cannot be "adverse" as to Scott alone.

Second, Scott has not pled facts indicating an intent to retaliate that "connects" his protected behavior with these actions. Scott's citations to the record do not speak to the sworn statements in the Defendants' affidavits which show that no one named in the complaint had the authority to transfer prisoners. Moreover, the accusations are conclusory and have their primary basis in the relative timing of transfers to the retaliatory acts. While in some cases the temporal connection between a transfer and the assertion of constitutional rights might be sufficient to make out a case, the Court agrees that the connection between the two in this matter is (1) not tight enough to suggest anything, and (2) perfectly consistent with completely lawful considerations (such as a desire to minimize tension between inmates and staff) that Scott has not shown to be pretextual or implausible. Therefore, the objections on this finding will not be sustained.

III. Conspiracy

For the reasons stated above, the Court agrees that Scott's claims of a "conspiracy" to deny him constitutional rights are fanciful, and adopts the magistrate judge's finding that summary judgment is appropriate. *Guiterrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987) ("[C]onspiracy claims must be pled with some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983.").

5

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report (docket no. 37) is **ADOPTED**, over Scott's objections (docket no. 38).

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket no. 22) is **GRANTED**. The claims against them are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: September 21, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2011, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager